# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### STATESVILLE DIVISION
### CIVIL DOCKET NO. 5:04CV45

| | | |
|---|---|---|
| **WILLIAM C. BARTHOLF** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **MEMORANDUM and ORDER** |
| | ) | |
| **JO ANNE BARNHART,** | ) | |
| **Commissioner of Social Security** | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on (1) William C. Bartholf's ("Plaintiff") Complaint, filed May 3, 2004 (Document #3); (2) The Commissioner (formerly Secretary) of Social Security's ("Defendant") Answer, filed July 12, 2004 (Document #11); (3) Plaintiff's Motion for Summary Judgment, filed September 9, 2004 (Document #14); (4) Plaintiff's Memorandum in Support, filed September 9, 2004 (Document #15); (5) Defendant's Cross-Motion for Summary Judgment, filed November 8, 2004 (Document #16); and (6) Defendant's Memorandum in Support, filed November 8, 2004 (Document #17). These motions are now ripe for resolution by the Court.

## I. FACTUAL AND PROCEDURAL HISTORY

Plaintiff was born on August 5, 1952. (R. at 75). He has a four-year college degree and was previously, albeit sporadically, employed as a construction worker and maintenance man. (R. at 29). Plaintiff resides alone in Terell, North Carolina, in a travel camper. (R. at 76). The Plaintiff alleges disability since June of 1999 due to numbness and weakness in his legs, poor balance, and poor eyesight. (R. at 82). Plaintiff filed an application for disability insurance benefits on April 16, 2002. (R. at 16). His claim for benefits was denied on May 9, 2002. (R. at 57). Plaintiff filed a

Request for Reconsideration on June 7, 2002. (R. at 61). The reconsideration determination issued

on August 7, 2002, again denied Plaintiff benefits. (R. at 63). Plaintiff next requested a hearing

before an Administrative Law Judge (the "ALJ"). (R. at 67). Consequently, on May 23, 2003, a

hearing was held before the ALJ in Statesville, North Carolina. (R. at 71). On June 27, 2003, the

ALJ issued a written decision denying Plaintiff's application for disability. (R. at 19). Plaintiff

requested a review of that decision alleging that the ALJ's decision was based on errors of law, and

was not supported by substantial evidence. (R. at 11). The ALJ's decision became final when the

Plaintiff's request for review was denied, and as such the Plaintiff has exhausted his administrative

remedies. This case is now ripe for judicial review pursuant to 42 U.S.C. § 405(g) and 42 U.S.C.

§ 1383(c)(3).

## II. FINAL DECISION OF THE ADMINISTRATIVE LAW JUDGE

In his decision, the ALJ determined that the Plaintiff's impairments, either alone or in

combination, are not severe as defined for purposes of disability.[1] (R. at 12). The medical evidence

presented indicated the Plaintiff suffered a visual impairment at 20/200 in his right eye and 20/100

in his left eye. (R. at 17). The ALJ found that this impairment could be corrected with glasses, and

therefore was not a severe visual impairment. (*Id*.) As to the Plaintiff's claims of numbness and

weakness in his legs and feet, the ALJ found that this too was not a severe impairment. (*Id*.) In

support of this conclusion the ALJ pointed to the findings of Dr. Wolyniak, whose examination

revealed the Plaintiff's legs to be "full weight bearing," with "no muscle atrophy, hypertrophy,

crepitation, contrature, or tenderness." (R. at 18). The only evidence in support of the Plaintiff's

impairment was a note submitted by the Plaintiff's friend, (Exhibit 6E), which was inconsistent with

---

[1] A medically determinable impairment or combination of impairments is severe if it significantly limits an individual's physical or mental ability to do basic work activities. 20 C.F.R. § 416.921; (R. at 16).

the medical evidence. (R. at 18). The ALJ determined that the Plaintiff had failed to establish a severe impairment that would produce even minimal limitations on his ability to function, and thus was not under a disability as defined by the Social Security Act. (R. at 19).

### III. STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. §§ 405(g), 1383(c)(3), limits the district court's standard of review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision, *Richardson v. Perales*, 402 U.S. 389, 390, 401 (1971), and (2) whether the Commissioner applied the correct legal standards. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990); *see also Hunter v. Sullivan*, 993 F.2d 31, 34 (4th Cir. 1992) (per curiam). The Fourth Circuit defines "substantial evidence" as "more than a scintilla and [it] must do more than create a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Smith v. Heckler*, 782 F.2d 1176, 1179 (4th Cir. 1986) (quoting *Perales*, 402 U.S. at 401).

The Fourth Circuit made clear that it is not for a reviewing court to re-weigh the evidence or to substitute its judgment for that of the Commissioner, so long as that decision is supported by substantial evidence. *Hays*, 907 F.2d at 1456; *see also Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986); *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). Ultimately, it is the duty of the Commissioner, not the courts, to make findings of fact and to resolve conflicts in the evidence. *Hays*, 907 F.2d at 1456; *King v. Califano*, 599 F.2d 597, 599 (4th Cir. 1979) ("This Court does not find facts or try the case de novo when reviewing disability determinations."); *Seacrist v. Weinberger*, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the Secretary and not the courts to reconcile inconsistencies in the medical evidence, and that it is the

claimant who bears the risk of non-persuasion"). Indeed, so long as the Commissioner's decision is supported by substantial evidence, it must be affirmed even if the court disagrees with the final outcome of the case. *Lester v. Schweiker*, 683 F.2d 838, 841 (4th Cir. 1982).

## IV. DISCUSSION OF CLAIMS

### A.        The ALJ Properly Evaluated The Medical Evidence

The Plaintiff claims that the ALJ did not properly evaluate the objective medical evidence. (Pl.'s Mem. in Supp. p. 1). A determination of whether a person is disabled by pain or other symptoms is a two-step process. "First, there must be objective medical evidence showing the existence of a medical impairment(s) which results from anatomical, physiological, or psychological abnormalities and which could reasonably be expected to produce the pain or other symptoms alleged." *Craig v. Chater*, 76 F.3d 585, 594 (4th Cir. 1996) (*citing* 20 C.F.R § 416.929(b), § 404.1529(b); 42 U.S.C. § 423 (d)(5)(A)). *If there is such evidence*, then the ALJ must evaluate "the intensity and persistence of the claimant's pain, and the extent to which it affects his ability to work." *Id*. at 595 (*citing* 20 C.F.R. § 416.929(c)(1), § 404.1529(c)(1)). (emphasis added)

> Once an underlying physical or mental impairment that could reasonably be expected to cause pain is shown by medically acceptable objective evidence, such as clinical or laboratory diagnostic techniques, the adjudicator must evaluate the disabling effects of a disability claimant's pain, even though its intensity or severity is shown only by subjective evidence.

*Hyatt v. Sullivan*, 899 F.2d 329, 337 (4th Cir. 1990).

Here, there is no objective medical evidence in the record of an impairment expected to produce the pain and other symptoms the Plaintiff alleges. While the Plaintiff had not vigorously pursued medical treatment prior to applying for disability, he was given extensive examinations by several physicians as a part of the Social Security Administration's disability determination services.

(R. at 104-133). One of these Social Security Administration physicians that examined the Plaintiff was Dr. Wolyniak. In a comprehensive examination on June 28, 2002, Dr. Wolyniak stated that "[t]here was no weakness noted on this examination" in the Plaintiff's lower limbs. (R. at 109). As to his vision, Ann K. Joslyn, of Graystone Ophthalmology Associates, found that "[h]is corrected vision is quite good." (R. at 110). None of the numerous medical examinations in the record demonstrate any impairment of the limbs or of the eyes which would reasonably explain the Plaintiff's alleged pain and other symptoms.

Even the Plaintiff's own testimony seems to refute a claim of severe impairment. Plaintiff admits that his eyesight is better, and he no longer requires assistance in reading his bills. (R. at 35). Plaintiff further states that the pain and numbness in his legs and feet occurs only "several" times a day, and lasts just a "couple minutes." (R. at 33). In fact, the pain is mild enough for the Plaintiff to "grin and bear it." (R. at 34).

Additionally, while his lack of financial resources might excuse a failure to seek expert medical assistance for his pain, (R. at 105) it fails to justify why the record lacks any mention of the use of other remedies available to him. At his neighborhood grocer or pharmacy the Plaintiff likely has access to innumerable pain management options. Aspirin, ibuprofen, and acetaminophen are widely available over-the-counter in both brand name and generic versions. Yet, the record does not reflect the Plaintiff used any of these treatments in an attempt to reduce his pain. Nor does it reflect that the Plaintiff sought treatment at free clinics or even applied for Medicaid. The ALJ concluded that the Plaintiff did not suffer from an impairment that could satisfy the first requirement of the test articulated in *Craig*, and the available medical evidence in the record more than adequately supports

this finding.[2] (R. at 19, finding 3).

**B.      The ALJ Determined That The Plaintiff Was Not Credible**

The Plaintiff next contends that the ALJ erred in finding his testimony not credible. (Pl.'s

Mem. in Supp. P. 8). Assuming that some objective medical evidence of a physical impairment

existed to warrant an evaluation of subjective evidence,[3] it is well within the discretion of the ALJ

to make determinations of the Plaintiff's credibility, and weigh his testimony as to pain and other

symptoms accordingly. *See Craig*, 76 F.3d at 589; *see also Hunter v. Sullivan*, 993 F.2d 31 (4th Cir.

1993). However, in determining the Plaintiff's credibility, the ALJ must point to the specific facts

that led to the determination that the testimony is less than credible. *See Mickles v. Shalala*, 29 F.3d

918, 919 (4th Cir. 1994) (citing *Hunter v. Sullivan*, 993 F.2d 31 (4th Cir. 1993)); *see also* SSR No.

96-7p, 1996 SSR Lexis 4 *1, (July 2, 1996) ("It is not sufficient for the adjudicator to make a single,

conclusory statement" regarding credibility, but rather the "decision must contain specific reasons

for the finding"). If properly supported, this Court is not to disturb the ALJ's determination that this

plaintiff lacks credibility. *See Moore v. Shalala*, 1994 U.S. App. LEXIS 29870 (4th Cir. 1994)

(unpublished) (stating that reviewing courts should give "great weight to properly supported

credibility determinations") *see also Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001) (stating that

a reviewing court should not "make credibility determinations").

The ALJ adequately supported his determination that the Plaintiff's testimony was not

---

[2]The Court reminds Plaintiffs' Counsel of the obligation that, by signing any document submitted to this Court, he represents that "legal contentions therein are warranted by existing law." FED. R. CIV. P. 11(B)(2).

[3]The ALJ was not required to evaluate the subjective evidence of this Plaintiff's pain and other symptoms, as no objective evidence of an impairment that could reasonably be expected to produce such pain and symptoms was presented. *See Craig* 76 F.3d at 594.

credible.  The ALJ found that "[t]he fact that [claimant] would not work for five years goes to his motivation to work in general, and impacts on his credibility as to his functioning." (R. at 18).  The ALJ's decision sufficiently outlines the evidence used in reaching the decision that Plaintiff's testimony is not credible.  *See Daiz v. Chater*, 55 F.3d 300, 308 (7th Cir. 1995) (noting that in a finding on credibility "the ALJ need not provide a complete written evaluation of every piece of evidence and testimony").

Additionally, a further examination of the record supports the finding that this plaintiff suffers a particular aversion to work that would severely discredit his testimony in this setting. Despite a four-year college degree in business management, the Plaintiff rarely held consistent, long-term employment.  (R. at 25, 28-30, 113).  In fact, the Plaintiff no longer reads,  not due to an inability, but simply because "it's more like work." (R. at 36).  Most compelling is the ALJ's note that the Plaintiff lived off the gift of a stock portfolio, and "[n]ot until this money ran out did. . .[claimant] begin to consider acquiring other sources of income on which to live." (R. at 18).

The ALJ's decision points out specific facts used in determining the Plaintiff's credibility. The ALJ's decision that the Plaintiff's testimony is not credible is sufficiently supported in the evidence and adequately documented in his decision. Therefore, Court finds the Plaintiff's challenge to the ALJ's finding on credibility without merit.  This Court grants summary judgment to the Commissioner on all claims by the Plaintiff.

## V. CONCLUSION

For the forgoing reasons, it is hereby ordered that the Commissioner's "Motion for Summary Judgment" is **GRANTED,** and the Plaintiff's "Motion for Summary Judgment" is **DENIED.**

Signed: August 3, 2006

Richard L. Voorhees
United States District Judge